IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

HERBERT CLIFTON HECTOR,

    Defendant.

CRIMINAL CASE NO.

1:12-cr-183-JEC-JSA-01

**<u>ORDER</u>**

This case is before the Court on the Magistrate Judge's Final Report and Recommendation [65] recommending denying defendant's Motion to Suppress Statements [28].

Following the filing of objections by the defendant, the Court directed the Government to respond to defendant's arguments and to set out the statements that would be admitted pursuant to the magistrate judge's recommendation. The Government filed its supplemental brief, as directed, and indicated that it would not use certain of the objectionable statements in its case-in-chief, but reserved the right to use these statements in other contexts.

Defendant then responded contending that the Government's reservation of rights was broader than the right to use the statements only for impeachment and that such intended use was not permitted by law. The Government replied indicating that it did not

intend to use the statements any more broadly than as outlined by defense counsel: that is, for impeachment purposes, pursuant to *Harris v. New York*, 401 U.S. 222 (1971).

The Court directed both counsel to respond to ensure that they were now in agreement as to the proper use of these statements. Both counsel have now responded and indicate their agreement. Further, counsel also indicate that, given this agreement, that part of defendant's motion to suppress statements pertaining to May 16, 2012 statements made between 9:45 a.m. and 10:30 a.m. should now be denied as moot, as the Government has agreed not to use these statements in its case-in-chief.

In short, as to the statements by defendant at issue, the Government will be allowed to introduce, for all purposes, the defendant's "spontaneous" statements made as he and the agents were first departing the Detention Center, heading to the federal courthouse for defendant's initial appearance. Specifically, in those statements, the defendant indicated that he was not carrying a gun during the robbery and he inquired whether the car (presumably the car driven away from the robbery that ultimately crashed after the chase) had been badly damaged.

The Government will not be allowed to introduce, in its case-in-chief, later statements made by defendant, after the agents turned their car and around and headed back to the Detention Center, to

2

further question the defendant. As to these statements, made between 9:45 a.m. and 10:30 a.m., the Government would be allowed to introduce these later statements only for the purposes of impeachment, should the defendant testify during trial.

Therefore, it is hereby Ordered that the Magistrate Judge's Final Report and Recommendation [65] recommending the denial of defendant's motion to suppress statements is adopted, except as to that part of the motion that is now moot, given the Government's stipulation, set out above.

SO ORDERED this 11th day of JUNE, 2013.

/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

3